UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DAMIEN SIMMS,

                         Plaintiff,

        -against-                               **COMPLAINT**

THE CITY OF NEW YORK,
and JOHN DOES 1-2,                       **PLAINTIFF DEMANDS**
                                                     **A TRIAL BY JURY**
                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff Damien Simms, by his attorneys Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.       At all times hereinafter mentioned, plaintiff Damien Simms was an adult male resident of Kings County, within the State of New York.

        2.       At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.       At all relevant times hereinafter mentioned, defendants John Does 1-2 are individuals whose identities are is unknown to plaintiff and who were at all relevant times herein employed by the City of New York as a member of the NYPD. The Doe defendants are sued in their individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York resided, and where the majority of the actions complained of herein occurred.

**RELEVANT FACTS**

6. On November 12, 2013, at or about 4:00 P.M., plaintiff was lawfully present in a motor vehicle with his adult cousin at on New York Avenue between Tilden and Snyder Avenues in Kings County, New York.

7. At that time, plaintiff exited the car and went to a local area school to pick up his young infant son ("D.S."), while his cousin remained with the vehicle.

8. At no time prior to or during these events did plaintiff engage in any criminal or unlawful conduct, nor would it have been objectively reasonable for the defendants to believe that he had engaged in any such conduct.

9. At no time prior to or during these events did plaintiff witness his cousin engage in any criminal or unlawful conduct, or any conduct that could be reasonably understood as criminal or unlawful.

10. When plaintiff and D.S. returned, plaintiff observed his cousin being arrested by members of the NYPD. The officers refused to provide any information to plaintiff and drove off with plaintiff's cousin in custody.

11. At no point after plaintiff observed his cousin being arrested did plaintiff engage in any criminal or unlawful conduct, nor would it have been objectively reasonable for the defendants to believe that he had engaged in any such conduct.

12. Plaintiff, who assumed that the officers had taken his cousin to the nearby 67 precinct station house, walked to the station house. As he did so, he telephoned a relative to pick up his son so that DS could be brought home without any delay.

13. Upon entering the station house plaintiff approached the front desk to inquire about his cousin, who had just arrived and was being processed. Shortly thereafter, plaintiff was approached by another officer – one whom plaintiff believes was not at the scene of plaintiff's cousin's arrest – who asked plaintiff some preliminary questions and then placed him under arrest. This arresting officer is one of the John Doe defendants.

14. At no point while plaintiff was in the precinct station house did plaintiff engage in any criminal or unlawful conduct, nor would it have been objectively reasonable for the defendants to believe that he had engaged in any such conduct.

15. As a matter of NYPD policy, the John Doe defendant who arrested plaintiff was required to have the arrest approved or verified by a supervising officer. That supervisory officer is the other John Doe defendant.

16. While plaintiff was at the station house, the arresting officer presumably drafted arrest paperwork under arrest number K13701071.

17. Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours. Plaintiff was then summarily released without an

explanation and without being charged.

18. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

19. The arrest and imprisonment of plaintiff was objectively unreasonable.

20. At no time did any officer either defendant take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

21. That at all times relevant herein, defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

22. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

23. The individual defendants willfully and intentionally seized, searched, and arrested plaintiff without sufficient legal cause and without a reasonable basis to believe such cause existed.

24. By so doing, the individual defendants, either by their affirmative actions or their deliberate failure to intervene in the other's misconduct, subjected the plaintiff to false arrest and imprisonment, and unlawful searches of person and property, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

27. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

28. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

29. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of

police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

30. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

31. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

32. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated the plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

33. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

34. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

35. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

(Remainder of Page Intentionally Blank)

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action against the individual defendants, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action against the municipal defendant, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated: November 23, 2015
       New York, New York

> LUMER & NEVILLE
> Attorneys for Plaintiff
> 225 Broadway, Suite 2700
> New York, New York 10007
> (212) 566-5060
>
> _____
> Michael B. Lumer (ML-1947)